## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| TYRONE DAVIS, | ) |
| | ) |
|       Petitioner, | ) |
| | ) |
|       v. | )     No. 4:07CV1587CEJ |
| | ) |
| TROY STEELE, | ) |
| | ) |
|       Respondent. | ) |

## MEMORANDUM OPINION

This matter is before the Court on the petition of Tyrone Davis for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent has filed a response in opposition.

### Background

After a jury trial, Davis was found guilty of robbery first degree, misdemeanor resisting arrest, unlawful use of a weapon, and misdemeanor possession of drug paraphernalia. The trial court sentenced him as a prior felony offender to concurrent terms of twenty years, one year, five years, and one year, respectively.

The evidence presented at trial established that Davis entered a bar in St. Louis County, Missouri, carrying a flannel shirt wrapped around what appeared to a shotgun. It was later determined that the item was instead a lead pipe. Davis told the bartender, Linda Lascelle, to get off the phone and ordered the sole customer, Glenn Lecour, to take off his clothes while nudging Lecour with the wrapped pipe. Davis threatened to kill Lecour and ordered him

to go into a bathroom. Davis then directed Lascelle to remove money from a cash register and from a purple bag that had been delivered earlier that evening by the bar manager. When Lascelle took the money from the cash register, an alarm was triggered and the police arrived shortly thereafter. Davis then directed Lascelle to the women's bathroom. The police saw Davis running out the bar's back door, carrying the bag of money and a telephone. After being ordered to stop, Davis knelt on the ground. Davis resisted being handcuffed, but he was subdued by two police officers. A search revealed a large knife in Davis' back pocket. Davis was identified by Lecour and Lascelle at the scene.

Davis filed a timely appeal from his conviction, and the Missouri Court of Appeals affirmed the judgment. He filed a timely *pro se* motion for post-conviction relief under Rule 29.15, which was later amended by his appointed counsel. The motion court denied the Rule 29.15 motion without an evidentiary hearing, and the decision was affirmed on appeal.

## Grounds for Relief

In his § 2254 motion, Davis raises the following grounds for relief:

**Claim 1:** The trial court should have granted a mistrial because a juror read petitioner's lips when he was talking to bailiffs and allegedly read a note he wrote to counsel.

**Claim 2:** The trial court should have granted a <u>Batson</u> challenge to the strike of venireperson Jones.

**Claim 3:** The trial court erred in not granting a mistrial based on a prosecutorial comment on Davis' pretrial silence.

**Claim 4:**   There was insufficient evidence to support the unlawful use of a weapon conviction.

**Claim 5:**   Trial counsel was ineffective for not objecting when the prosecutor allegedly mischaracterized the evidence in argument.

**Claim 6:**   Trial counsel was ineffective for not having the metal pipe examined for fingerprints.

**Claim 7:**   Counsel was ineffective for not deposing Glenn Lecour.

**Claim 8:**   Counsel was ineffective for not using enlarged photographs to illustrate the crime scene.

**Claim 9:**   Counsel was ineffective for not producing medical records to show that Davis was beaten by the police.

**Claim 10:**   Trial counsel was ineffective for not examining juror Andrews about her work as an interpreter for the deaf.

**Claim 11:**   Trial counsel was ineffective for not putting on evidence of police brutality.

**Claim 12:**   Trial counsel was ineffective for not asking the prospective jurors how they felt about the defense that Davis, "was a career drug dealer, not a robber."

**Claim 13:**   The post-conviction motion court erred by denying a hearing on the claim that trial counsel was ineffective for not presenting the evidence of police brutality.

**Claim 14:**   The post-conviction motion court erred by denying a hearing on the claim that trial counsel's voir dire of the jury pool was ineffective.


### Procedural Default Analysis

Respondent argues that Claims 5, 6, 7, 8, 9 and 10 are procedurally barred because Davis did not raise them in his appeal from the denial of the Rule 29.15 motion.

To avoid defaulting on a claim, a petitioner seeking habeas review must have fairly presented the substance of the claim to the state courts, thereby affording the state courts a fair opportunity to apply controlling legal principles to the facts bearing on the claim. Wemark v. Iowa, 322 F.3d 1018, 1020-21 (8th Cir. 2003) (quotation marks omitted). A claim has been fairly presented when a petitioner has properly raised the same factual grounds and legal theories in the state courts that he is attempting to raise in his federal petition. Id. at 1021. Claims that have not been fairly presented to the state courts are procedurally defaulted. Id. at 1022 (quoting Gray v. Netherland, 518 U.S. 152, 161-62 (1996)). Claims that have been procedurally defaulted may not give rise to federal habeas relief unless the petitioner can demonstrate cause and prejudice for the default. Id.

Claims 5, 6, 7, 8 and 10 are all based on allegations of ineffective assistance of counsel. All five of these claims were originally raised in Davis' *pro se* Rule 29.15 motion, which was later amended by his appointed counsel. Although appointed counsel did not include these five claims in the amended motion, the motion court addressed and denied them. However, none of these claims were raised in the appeal from the denial of the Rule 29.15 motion.

The failure to raise the ineffective assistance claims in an appeal from the denial of Rule 29.15 relief raises a procedural bar to pursuing those claims in federal court. Lowe-Bey v. Groose, 28 F.3d 816, 818 (8th Cir. 1994); Flieger v. Delo, 16 F.3d 878, 885 (8th Cir.1994) (citing Boyd v. Groose, 4 F.3d 669, 671 (8th Cir.1993)); *see also* Stokes v. Armontrout, 851 F.2d 1085, 1092 (8th Cir.1988), (Missouri petitioner's failure to raise claim on appeal from the denial of his state post-conviction relief motion erected a procedural bar to federal habeas review of that claim). Thus, unless Davis can show cause for the default and actual prejudice resulting from the alleged constitutional violation, his failure to appeal the denial of his Rule 29.15 motion for post-conviction relief precludes the Court from reaching the merits of these claims. In this case, Davis has not shown cause for default or actual prejudice. As a result, these claims are procedurally barred, and Davis is not entitled to habeas relief on Claims 5, 6, 7, 8 and 10 .

In Claim 9, Davis argues that trial counsel was ineffective for not producing medical records and arguing that they showed petitioner was beaten by the police. Respondent argues that this claim is procedurally barred because Davis never asserted it in the state post-conviction proceedings. Davis did assert in his post-conviction motion that counsel was ineffective for not impeaching the arresting officers with evidence of alleged brutality. However, the claim of ineffective assistance based on failing to produce medical records is different from a claim of ineffective assistance based on

failure to impeach the arresting officers' testimony. The basis for the ineffective assistance allegation in Claim 9 is presented for the first time in the instant habeas. Therefore, Claim 9 is procedurally defaulted. Because Davis has not shown cause or prejudice, he is not entitled to habeas relief on this claim.

## Habeas Standard

"In the habeas setting, a federal court is bound by the AEDPA to exercise only limited and deferential review of underlying state court decisions." Lomholt v. Iowa, 327 F.3d 748, 751 (8th Cir. 2003). Under this standard, a federal court may not grant relief to a state prisoner unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is contrary to clearly established Supreme Court precedent if "the state court arrives at a conclusion opposite to that reached by [the] Court on a question of law or . . . decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). A state court decision is an unreasonable application of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular

prisoner's case." <u>Id.</u> at 407-08. Finally, a state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record. 28 U.S.C. §2254(e)(1); <u>Ryan v. Clarke</u>, 387 F.3d 785, 790 (8th Cir. 2004).

**Merits Analysis**

<u>Claim 1</u>:    Davis argues that the trial court abused its discretion and should have granted a mistrial because a juror allegedly read Davis' lips when he was talking to the bailiffs and allegedly read a note he wrote to counsel.

Davis' claim stems from a post-trial hearing in which it was determined that a juror - - – who was an interpreter for the deaf - - - had observed Davis making statements to his counsel and bailiffs.   The juror testified that the communications she observed had had no impact on her decision. The trial court denied a mistrial, and the Missouri Court of Appeals affirmed.

"In a habeas corpus proceeding, federal court will reverse state court evidentiary ruling only if petitioner shows that alleged improprieties were so egregious that they fatally infected proceedings and rendered his entire trial fundamentally unfair." <u>Anderson v. Goeke,</u> 44 F.3d 675, 679 (8th Cir. 1995); <i>see also</i> <u>Wright v. Lockhart</u>, 914 F.2d 1093, 1101 (8th Cir. 1990) (mere fact that juror may have been exposed to adverse publicity does not automatically compel declaration of mistrial).

The state courts' ruling is neither contrary to, nor an unreasonable application of, clearly established federal law as established by the Supreme Court of the United States. 28 U.S.C. § 2254(d). Davis has failed to offer sufficient evidence to show that the juror's action rendered the entire trial fundamentally unfair. Upon cross-examination, the juror testified that her decision was based on what she heard from the state's witnesses, and she specifically stated that she and the other jurors reviewed the jury instructions, line by line, in reaching their decision. Claim 1 fails on the merits, and petitioner is not entitled to habeas relief.

**Claim 2:** Petitioner argues that the trial court should have granted a Batson[1] challenge to the prosecutor's use of a peremptory challenge to strike venireperson Jones. The prosecutor used a peremptory challenge to strike Jones, because her daughter was a close friend of a public defender in St. Louis County and Davis was represented by an attorney from the St. Louis County Public Defender's Office. Davis contends that the strike was racially motivated because the prosecutor did not strike other jurors who had relatives that practice law.

Under Batson, once the opponent of a peremptory challenge has established a prima facie case of racial discrimination, the burden of production shifts to the proponent of the strike to come forward with a race-neutral

---

[1] Batson v. Kentucky, 476 U.S. 106 (1986).

explanation. If a race-neutral explanation is tendered, the trial court must then decide whether the opponent of the strike has proved purposeful racial discrimination. Purkett v. Elem, 514 U.S. 765, 767 (1995) (citing Hernandez v. New York, 500 U.S. 352, 358-359, (1991) (plurality opinion)).

The trial court denied defense counsel's Batson challenge, finding that the prosecutor had sufficiently articulated a race-neutral reason for the strike of venireperson Jones, and that the reason was related to the case, clear, reasonably specific and legitimate. The trial court's decision to deny the Batson challenge and the Missouri Court of Appeals' affirmance of the decision is neither contrary to, nor an unreasonable application of, clearly established federal law as established by the Supreme Court of the United States. 28 U.S.C. § 2254(d). Therefore, Claim 2 fails on the merits.

**Claim 3:** Davis asserts that the trial court erred in not granting a mistrial based on an allegedly improper statement made by the prosecutor. During closing argument, the prosecutor, referring to Davis' trial testimony, stated, "You got to realize he had heard all the state's witnesses by this time, he had heard every angle that was against him, so he was able to take the stand to refute every angle." Resp. Exh. 1, p. 504. The prosecutor proceeded to attack the credibility of Davis' testimony. He then stated, "The first time the defendant's story was told was yesterday at three o'clock PM." Resp. Exh. 1 at 508. Defense counsel objected to this statement, arguing that it was an

impermissible comment on Davis' right to remain silent before trial. The trial court sustained the objection, instructed the jury to disregard the prosecutor's statement, and denied defense counsel's motion for a mistrial. Resp. Exh. 1 at 508-509.

Generally, the prosecution cannot use a defendant's exercise of specific fundamental constitutional guarantees against him at trial. Burns v. Gammon 260 F.3d 892, 896 (8th Cir. 2001); *see, e.g.*, Griffin v. California, 380 U.S. 609, 615, (prosecution prohibited from using defendant's exercise of constitutional right to remain silent against defendant in case-in-chief). In Portuondo v. Agard, 529 U.S. 61 (2000), however, the United States Supreme Court held that a prosecutor's closing argument that defendant had an opportunity to hear other witnesses testify and tailor his testimony accordingly did not unlawfully burden his right to be present at trial, to confront witnesses against him, or to testify on his own behalf, where prosecutor's comments are directed at defendant's status as witness whose credibility was subject to attack. Id. at 66-67.

Here, there was no mention of Davis' post-arrest silence. When viewed in context, the challenged statement was simply a further assertion by the prosecutor that Davis was not a credible witness. The Court finds that the Missouri Court of Appeals' decision to reject petitioner's challenge is neither contrary to, nor an unreasonable application of, clearly established federal law

as established by the Supreme Court of the United States.  28 U.S.C. § 2254(d).  **Claim 4**:  Davis asserts that there was insufficient evidence to support the jury's verdict on the unlawful use of a weapon charge.  Specifically, he argues that the prosecution did not prove that the knife he carried was "readily capable of lethal use," or that it was a "bladed hand instrument that is readily capable of inflicting a serious physical injury or death by cutting or stabbing a person," as set forth in Mo. Rev. Stat. § 571.010(10) (2000).

The evidence established that a large knife was found in Davis' pocket when he was arrested at the scene of the crime. The knife was admitted into evidence and the jury had the opportunity to examine it during deliberations. Additionally, the jury was instructed on the meaning of the terms "knife" and "readily capable of lethal use."  The jury found Davis guilty on the unlawful use of a weapon count, and the Missouri Court of Appeals rejected his challenge to the sufficiency of the evidence.  The state court's ruling is neither contrary to, nor an unreasonable application of, clearly established federal law as established by the Supreme Court of the United States.  28 U.S.C. § 2254(d).


**Claim 11**: Davis claims that trial counsel was ineffective for not presenting evidence of police brutality during the arrest and using it to impeach the arresting officers.  The Court will consider this claim only to the extent it was presented to the Missouri Court of Appeals, *i.e.*, that counsel was

ineffective for not eliciting testimony from the arresting officers regarding the alleged use of excessive force. .

To prevail on an ineffective assistance of counsel claim, a habeas petitioner must show both that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced by that deficient performance. Strickland v. Washington, 466 U.S. 668, 687 (1984). Prejudice exists only when there "is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. When it is apparent that an ineffective assistance of counsel claim can be dismissed for lack of prejudice, it is not necessary to decide whether counsel's performance was reasonable. Strickland, 466 U.S. at 697.

The Missouri Court of Appeals held that, based on the evidence at trial, cross-examination of the arresting officers about their alleged use of excessive force would not have changed the outcome of the trial and would not have provided Davis a viable defense to the crimes charged. Further, the appellate court found that there was substantial evidence that petitioner came to the bar with what appeared to be a weapon; forced a bar patron to undress and hide in the bathroom, threatening harm if he came out; made the bartender give petitioner money from the cash register; and, once the police arrived, fled the scene and discarded the stolen money outside of the bar. Id. at 8-9. The

appellate court held that the prejudice element was not satisfied because, in light of all the evidence, any testimony regarding the arresting officers' alleged use of excessive force during petitioner's arrest would not have exonerated him and would not have been outcome determinative.  Id. at 9.

The Missouri Court of Appeals applied the correct legal rule to this issue, and the court's decision was not unreasonable.  There was overwhelming evidence of Davis' guilt, and  petitioner cannot demonstrate prejudice.  The state court's decision was not contrary to or an unreasonable application of clearly established federal law.

Claim 12:   Davis claims that trial counsel was ineffective by failing to ask the prospective jurors whether they "could be fair in anticipation of petitioner's defense that he was a career drug dealer not a robber." Petition at 13.  The Missouri Court of Appeals denied this claim, holding that his motion failed to contain allegations of actual prejudice or allegations sufficient to raise a presumption of prejudice.

As discussed above, prejudice exists only when there "is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, at 694. Davis has failed to offer any evidence of prejudice. The Missouri Court of Appeals applied the correct legal rule to this issue, and its decision was not contrary to or an

unreasonable application of clearly established federal law.  As a result, Davis is not entitled to relief on Claim 12.

**Claims 13 and 14**:     Davis asserts  that the post-conviction motion court erred in denying him a hearing on the claim that trial counsel was ineffective for failing to cross-examine the arresting officers about their alleged use of excessive force and on the claim that counsel was ineffective for not questioning the jury pool about whether they could be fair in anticipation of the defense that Davis was a career drug dealer, not a robber.

Grounds that do not state a constitutional issue are not cognizable in a federal habeas petition.  E.g. Gee v. Groose, 110 F.3d 1346, 1351-52 (8th Cir. 1997).  Davis' claim that the motion court erred in rejecting his motion for a hearing fails because "an infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas petition."  Gee, 110 F.3d at 1351-52 (citation and quotation omitted).  As a result, petitioner is not entitled to relief on Claims 13 and 14.

## Conclusion

For the reasons discussed above, Davis is not entitled to habeas relief, because his claims are either procedurally barred, they fail on the merits or they are not cognizable in a proceeding under § 2254.  Additionally, because Davis has not made a substantial showing of the denial of a constitutional right,

the Court will not issue a certificate of appealability.  28 U.S.C. § 2253.  A separate judgment denying the petition will be entered this date.

Dated this 1st day of June, 2010.

CAROL E.  JACKSON
UNITED STATES DISTRICT JUDGE